The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States in this honorable court. Good morning. We have one argued case this morning, number 19-1667, Burkhart v. Wilkie. We'll first hear from Mr. Toomey. Good morning, Your Honors. May it please the court, I'm Sean Toomey, appearing on behalf of Appellant Sally Burkhart. This appeal is about vindicating the right to VA home loan guarantee benefits that Mrs. Burkhart's late husband, Dave Burkhart, earned through his service in the Army during the Korean War. And, Your Honors, there are three main reasons that independently merit this court's reversal of the Veterans Court's decision. First, Congress clearly intended in enacting 38 U.S.C. 3701, etc., the Chapter 37 benefits scheme, as well as 38 U.S.C. 1151, in enacting those, Congress clearly intended to provide for those in Mrs. Burkhart's position, that is, the surviving spouses of a Veteran who was entitled to VA home loan guarantee benefits, but was deprived of their use because the Veteran died as a result of VA care. Second, regardless of whether Mrs. Burkhart is entitled to benefits in the first instance, the VA determined that she was in 2007 and issued her a Certificate of Eligibility entitling her to a VA home loan guarantee. And VA is prohibited by the plain language of 38 U.S.C. 3721, which is the statute's so-called incontestability provision. The plain language of that statute prohibits the VA from disputing her eligibility for a VA home loan guarantee. And the third ground is, if nothing else, Mrs. Burkhart is entitled to – the facts of this case show that Mrs. Burkhart is entitled to equitable relief, either based on her own rights or the rights of Mr. Burkhart, her late husband, who was deprived of the use of VA home loan guarantee benefits as a result of his death of VA care. And so the Veterans Court erred in concluding that LAC jurisdiction should grant equitable relief. Turning to – Jimmy, could you help me understand how this program works? Because I'm not sure that I do understand it entirely. If you are eligible for a VA loan guarantee, my understanding is you go to the VA and ask for a Certificate of Eligibility. And we have an example of a Certificate of Eligibility that was issued to your client. And then, as I understand it, you take the Certificate of Eligibility to a lender, say a bank, and you ask the bank to make a loan to you, right?  And then it is only at that point, once the loan is made, that – is it the bank or is it the widow in this case, who goes back to the VA and says, please issue a guarantee certificate? Is that the way it works? I don't believe that's – to the latter part of your question, Your Honor, I don't think that there's an interaction between the COE holder and the VA in a later stage. So how does the Certificate of Guarantee get issued? Is that issued at the request of the lender? Right. It's not an interaction between the COE holder. Okay, so – and then the – Excuse me, Your Honor. I didn't mean to talk over you. And then the lender, having secured the Certificate of Guarantee from the VA, can then sell the loan on the secondary market. Is that the way it works? That is my understanding, Your Honor, with the caveat that this is – as well as you, I have some trouble with this difficult statutory scheme. Okay. It seems to me that the government may be wrong in suggesting that the widow in this case is not entitled to the statutory protection. But on the other hand, I wonder what the basis for the argument is that the statutory protection comes into play before the making of a loan. Well, to that point, Your Honor, the Statute 371 speaks – the plain text of the statute speaks in terms of the eligibility of the loan for guarantee. So the protection comes – our position is that under the plain language of the statute, it comes into play even before the loan is issued because it's dealing with eligibility. Well, I'm not sure that that's the purpose of the statute. The purpose of the statute seems to protect people from the consequences of a loan being made when there was no eligibility, rather than protecting people who are trying to get a loan in the first place. Right, but the reason she's been denied the loan is their position that she's been eligible. This is Judge Taranto. Maybe I can just ask what I think is a question on the same subject. Why isn't it right to say evidence of eligibility for a guarantee is not the same as evidence of a guarantee, which is to say the guarantee is something issued at a later stage than the issuance of eligibility? And as I understand from VA directives and publications and the statute, there is a real process inside the VA after eligibility is acknowledged. Sometimes the eligibility is acknowledged because it's automatic as a result of discharge from service. But the guarantee is something that happens later after the VA goes through, among other things, an appraisal process. So to say that evidence of a guarantee can't be or shall be conclusive is not the same thing as saying evidence of eligibility for a guarantee shall be conclusive. Because there's a real process that takes place for a guarantee that postdates the process for eligibility. I see your point, Your Honor. What I would say is that with respect to – the language of the statute says any evidence of guarantee. It doesn't say once a certificate of guarantee is issued. And so if you look at the COE, it is evidence of guarantee, quote-unquote. On the face of the COE, certificate of eligibility, it sets forth a specific amount of money that she is entitled to as a loan guarantee. And so it's not just an eligibility. The reason being it's evidence of guarantee. And the language of the statute doesn't just say once a certificate of guarantee has been issued by the secretary, dot, dot, dot. It says any evidence of guarantee. And so properly construed, that would include certificate of eligibility, which evidences a specific amount of guarantee for Ms. Burkhardt and others. Well, let's take a hypothetical. The widow here goes to the bank, goes to PNC Bank, with a certificate of eligibility, and gets the loan. And at that point, the VA says, well, you couldn't rely on the certificate of eligibility. In fact, she's ineligible, and you're on the hook for a bad loan. I would have thought that the statute was designed to protect the bank under those circumstances, even before the loan guarantee had been issued. Right. And in fact, if you look at the certificate of eligibility, it does seem to contemplate a situation in which the bank will be protected. It talks about a change in marital status and says the bank is protected unless it was aware of the change in marital status. Right. So I'm dubious that the sole protection here arises when the guarantee certificate itself is issued. Right. I don't think it's the sole, but I certainly think that the broad language used in the statute is any evidence of guarantee would include a certificate of eligibility, including because of what's on the face of a COE in terms of a specific amount of guarantee. I think the purpose that you're articulating can still be served with other evidence of guarantee in addition to a COE. We're not saying this is the only evidence. Yeah, but my problem is that even if you accept the broader view of what the statute protects, I don't see that it's designed to protect an individual in these circumstances before any loan has been made. Well, Your Honor, on the face of the COE, it says that the COE hereby evidences both the eligibility of the holder and the validity of the guarantee. So it seems that in using this broad language, any evidence of guarantee would include a COE, even if there are other categories that would also be evidence of guarantee. In other words, it isn't as if Congress drafted this to say once a loan has been issued or once a certificate of guarantee has been issued. They purposely just chose any evidence of guarantee, and we think COEs are among that category, including what's on the face of the COE. I see I'm into my rebuttal time, Your Honor. If there are additional questions I can answer, I'd be happy to. Otherwise, I'd like to preserve the remainder. Okay. Unless there are further questions, we'll give you three minutes for rebuttal. I don't know how much you have left. Let's hear from Ms. Finnan. Good morning, Your Honor. May I please look to the Court? I'm here on behalf of the Secretary. I ask that this Court affirm the decision of the Veterans Court who agreed with the Board that Ms. Burkhardt is not eligible. Let me ask you the hypothetical that I asked Mr. Toomey. Suppose the widow goes to the bank with this certificate of eligibility. The bank makes the loan, and then the VA says, no, the loan is not protected because she wasn't eligible. Under those circumstances, doesn't the statute protect the bank from her default to the extent of the guarantee? Once there is a loan and a guarantee, yes, the bank is protected. That's the purpose of the ancient testability provision. But I think it would help maybe if I clarified the process a bit. That probably would be helpful. The guarantee issue in this Home Loan Guarantee Benefit Statute, it's a financial instrument. But back up. Go to the beginning. Okay. The widow wants a loan. She gets the certificate of eligibility. At that point, does she go to the bank and say, here's my certificate of eligibility. Please give me a loan. This is all before the guarantee certificate is issued, right? Yes, that's correct. So she takes her certificate of eligibility to the bank, says, I want a loan. I'm also eligible for this guarantee. Here's my eligibility certificate. The bank then engages in its normal realty process, right? There's an appraisal, as the panel noted. The bank communicates with the VA, gets confirmation of the eligibility and the availability of the guarantee. And then the loan documents and the guarantee are all executed at closing. So does that mean there is no situation in which a loan is issued before a guarantee is supplied by VA? No, I don't believe so. It's all part and parcel of the closing. Because, as the panel has noted, the purpose is to incentivize lenders to make these loans to veterans, right? So the guarantee is part and parcel of the closing. And it's part of a much more complicated process, as any realty closing would be, where a lot of documents are exchanged simultaneously and all signed, and then the parties walk away after the closing with a full and clear understanding of what their financial obligations are and what is or is not protected in a particular manner. How do we know that that's the process and that we don't have a situation where the loan is issued based solely on the certificate of eligibility? Well, if your auditor would want citations, discussions, or regulations, I could provide those after arguments, but I think we can infer it just by looking at the record, right? So we have the certificate of eligibility at the Supplemental Appendix 2627. My opposing counsel has asserted that the certificate of eligibility is, in fact, a guarantee. But especially in this instance, there's nothing listed, right? What is it a guarantee of? There's no loan. There's no used amount. The amount is unclear. I mean, it says that theoretically $36,000 is available, but then there's an asterisk to talk about a guarantee will not exceed 25%.  Yes, because it's a lifetime benefit. So the veteran or the qualifying individual could use, you know, if you had the benefit and you used it for 40 years, you might have more than one house, right? So maybe you used $10,000 of it for the first house, and you never default, and so the VA never pays out on the guarantee. Well, then your $36,000 or your 25% might still be available, but maybe you do default and $10,000 is used, and then there's only $25,000 or up to 25% for a successive loan. That's why there's multiple boxes here for prior loans and outstanding loans. Why does the certificate of eligibility talk about protecting the lender who's unaware of a change in marital status? The certificate of eligibility, all it says is that it would be null and void if there was a change in marital status. I don't know. That's not correct. It says unless the lender making the loan was not aware of any change in marital status. Are you reading from the certificate of eligibility? On page 56 of the appendix, yes. This seems to contemplate action by the bank based on the certificate without actually getting the guarantee itself. Well, I mean, there is action by the bank on the basis of the certificate in the sense that it triggers a process, but it's not a guarantee instrument in and of itself. That's a much more complicated scheme, right? The lenders have to be approved by the VA. There are notice requirements. I don't think you're addressing my question. Why would this language exist in the certificate of eligibility if the bank weren't taking some action, like making a loan, relying on what the marital status is? Well, if the lender, let's assume hypothetically that the lender made a loan based on the certificate, you know, relying on the fact that he's going to get a guarantee, gets a guarantee, nobody realizes that the widow has remarried and the entitlement is no longer in existence, well, then the incontestability provision would kick in at Section 3721 to stop the VA from denying the guarantee, right? That's what that's there for, right? If after there is a loan and a guarantee in place, pursuant to Section 3721, the VA would be stopped from disavowing the guarantee obligation on the basis of eligibility grounds. But that's not what we have here. It's not what we have here, but it does suggest that banks rely on certificates of eligibility, which suggests that the statute is designed to treat the certificate of eligibility as a document that's relevant for the incontestability provision. It can be relevant, yes. So if we look to the incontestability provision at Section 3721, by its clean terms in the first sentence of that section, it only kicks in based on any evidence of guarantee shall be conclusive evidence of eligibility. Could a certificate of eligibility ever be evidence of guarantee? Perhaps, if there was a listing of a loan and an amount on that certificate. It wouldn't be a guarantee itself. It might be, quote, evidence that a guarantee somewhere existed, right, if the certificate listed Bank of America 20,000. But that's not the case on this record. Let me give you another hypothetical. Suppose the widow goes to the bank with a certificate of eligibility. The bank makes the loan, and then all of a sudden the bank says, oops, we shouldn't have made the loan because you're not eligible. We want you to pay it back immediately. Can the widow rely on the statute to protect her from that eventuality? That's what the incontestability provision is there. So it's not if the bank... The widow protects it. In litigation with the bank, the widow would be protected, and she could say, bank, you can't go behind the certificate of eligibility. You have to accept it. You can't contest it. There would be no basis for the bank to engage in litigation with the purportedly eligible individual. Answer my question. Can the widow get the benefit of the incontestability provision under that hypothetical? She would be a third-party beneficiary, but the provision is meant to protect the lenders. As the language of Section 37... The answer is no, she's not protected by the statute in those circumstances? She receives the benefit of the statute, but the statute exists to protect and incentivize the lender. Through protecting and incentivizing the lender, she receives the collateral benefit of protection herself, but she is not the intended beneficiary of the... The legislative history of that section makes clear that it was passed in order to incentivize lenders, original lenders and subsequent bona fide purchasers for value of the loans, to make and hold VA loans. Obviously, by doing that, eligible veterans benefit. There are more lenders that are willing to take on VA loans, but the provision itself is not... It's not a provision for her to invoke. It's a provision for the lender to invoke if, after the fact of a loan and a guarantee, there is a default, the veteran defaults on the loan, the bank would like to invoke the guarantee, signed at closing, and says, hey, VA, there's been a default $10,000 debt. We want to invoke the guarantee for the government to pay us. The government, at that point, the VA, would be a stop from disavowing the guarantee that it had previously issued at the closing on the basis of recently found evidence that the veteran never qualified in the first instance. It's providing protection to the original lender and subsequent holders of the mortgage through assignment or bonafide purchases of value. Can I just interrupt? This is Judge Hughes. It sounds like what you're saying to me is that the lender is not going to make a loan and close on a loan until it gets evidence of a guarantee from the VA. It's not going to do it just based upon the certificate of eligibility. Is that correct? Correct. Yes. So I guess, Mike, can I just follow up then? Because all I wanted was a simple yes. Can I just follow up on Judge Dyke's hypothetical? What if the lender makes a mistake and does approve, you know, presumably they just don't do this, but suppose it's some really small bank and they're not familiar with this process and they just do approve a loan to a veteran or the spouse based solely on this certificate and doesn't follow up with the VA and get any kind of real guarantee and it goes through closing and the like and then the widow defaults on the loan. Is VA still on the hook for the default even though they didn't follow the proper process and the certificate of eligibility might not be valid? It's a fairly fact-specific hypothetical. I would assume that it would depend on how material was the lender's failure to follow its process. So this might be somewhat informative. 38 U.S.C. 3703, which is part of the Home Loan Guarantee Benefit Statute, just after the definitions of who's entitled in 3701 and 3702. 3703 talks about, in somewhat more detail, that there are stages to this transaction, right? So 3703C1, loans guaranteed or insured under this chapter shall be payable among such terms and conditions as may be agreed upon by the parties thereto, subject to provision of the chapter and regulations of the Secretary. Can I just ask you another follow-up? Let's assume that everything is true from my previous hypothetical. Is the dispute then between the lender and the VA about whether they followed the proper procedures and whatever the result of that, the widow is because the lender purported to issue a loan guaranteed by this VA program is not subject to default or they can't go after her for any money covered by this? Is that the way it would work? Or, in Judge Dykes' hypothetical, could the bank go back to the widow and say, you weren't eligible, give me our money back? I would assume that it would come down to whether there's fraud or misrepresentation. So the infestability provision provides that the VA is stopped from disavowing a guarantee on eligibility grounds unless, vis-a-vis the original lender, there's evidence of fraud or misrepresentation. So that's one carve-out there. Also, I think what we're contemplating here is the guarantee is not for the entire, right? So, theoretically, if the veteran obtained a loan for more than the amount of the guarantee... I think I'm out of time, but... So the question is that she could rely on it against the bank as long as there was no fraud or forgery or misrepresentation. Yes, theoretically, if everything else has come to fore, right? There's a valid loan with a valid guarantee. Okay. Any further questions from my colleagues? No. No. Okay. Thank you, Ms. Finn. And we'll hear from Mr. Toomey. You have three minutes. Thank you, Your Honor. Briefly, I believe I heard counsel say that banks are not going to issue loans based on that COE, but I don't think that's accurate. It may be that the process generally, you know, follows what we just discussed earlier, but lenders specifically have the ability to request COEs on behalf of veterans. That's in the VA's own materials cited in our brief. There's no reason for lenders to be able to do that, to request COEs, unless they're planning to rely on that as evidence of guarantee and to issue a loan based on that. So I think that loan demonstrates... Sorry, can I just interrupt? This is Judge Hughes. Why isn't that just the start of the process if the government counsel suggests that the lender knows that the specific veteran or spouse is going to be entitled to the loan at the end of the process, but there still has to be the back and forth with the guarantee actually issued at closing? It may be, Your Honor, that it's the start of the process, but I'm not aware of anything that would preclude the bank from issuing a loan based on that. So what I'm saying is that may be the start of the process. I don't understand. Do you mean offering a loan subject to approval by the VA during the process and a guarantee at closing, or do you mean actually closing just based upon the certificate of eligibility? I think either, Your Honor. You know, for example, the hypotheticals discuss that maybe it's a small bank that doesn't do a lot of these and, you know, they go ahead and issue the loan. My hypothetical was they made a mistake, not that they just did it, and it was proper under the regulations. Can you cite to me anywhere in the regulations that would contradict the government's account that this is all done at closing? This being issuing certificates? But the guarantee is actually issued at closing with all the other loan documents. I see. I see. The eligibility is not... It's just a start to the process. I see. Yeah. So I think the answer is on the COE itself. The government has repeatedly, you know, referred to this COE specifically as being blank. That's not true. The blank space on the document, it says prior loans. I'm looking at Appendix 56 with a copy of the COE. Blank spaces for prior loans. I think as counsel discussed, she doesn't have any prior loans. This is her first loan that she's applied for. So it's not that it's blank. It's not that there's no guarantee there. The reason that box is blank is because she hasn't been issued a previous loan. This is the first one she's seeking. However, if you look, you know, to the right and underneath, it talks about the specific amount, $36,000. That's the amount of guarantee that she's been issued that's reflected on this document. And this, the fact that the COE itself is treated as evidence of guarantee, is also in the VA's own documents. And we cite this in our brief 31 and 32. There's a handout from the VA. It's called VA Guarantee, and it shows that the COE is treated as showing the amount of the guarantee. I see I'm out of time, Your Honor. Okay. Any further questions? No. No. Thank you, Mr. Toomey. Thank both counsel. The case is submitted. That concludes our session for this morning. The Honorable Court is adjourned until tomorrow morning at 10 a.m.